KIRBY McINERNEY LLP
Ira M. Press
David A. Bishop
825 Third Avenue, 16th Floor
New York, NY   10022
Telephone:  (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Movant, the Local 338 Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIPEFITTERS LOCAL No. 636 DEFINED BENEFIT PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BRIAN T. MOYNIHAN and CHARLES H. NOSKI,<br><br>Defendants. | Civil Action No.<br>1:11-CV-0733-WHP<br><br>CLASS ACTION |
| PATRICIA GROSSBERG LIVING TRUST, Individually and On Behalf of All Other Similarly Situated Stockholders,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BRIAN T. MOYNIHAN, CHARLES H. NOSKI, KENNETH D. LEWIS, JOSEPH L. PRICE and COUNTRYWIDE FINANCIAL CORPORATION<br><br>Defendants. | Civil Action No.<br>1:11-CV-1982-AKH<br><br>CLASS ACTION |

(caption continued on next page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE LOCAL 338 FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| ANCHORAGE POLICE & FIRE RETIREMENT system, Individually and on Behalf of all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>BANK OF AMERICA CORPORATION, BRIAN T. MOYNIHAN, CHARLES H. NOSKI, KENNETH D. LEWIS, and JOSEPH L. PRICE<br><br>                    Defendants. | Civil Action No.<br>1:11-CV-2216-UA<br><br>CLASS ACTION |
| --- | --- |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED. . . . . . . . . . . . . . . . . . . . 3

II.     THE LOCAL 338 FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF. . . . . . . . . 5

        A.      Legal Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      Local 338 Funds are Willing to Serve as Lead Plaintiff and Have Complied With the
                PSLRA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.      The Local 338 Funds Have the Largest Financial Interest in the Relief Sought by the
                Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        D.      The Local 338 Funds Satisfy the Requirements of Rule 23 of the Federal Rules of
                Civil Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                1.      The Local 338 Funds' Claims are Typical of Those of Other Class Members
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                2.      The Local 338 Funds Will Fairly and Adequately Represent the Interests of
                        the Class and are Not Subject to Unique Defenses. . . . . . . . . . . . . . . . . 10

                3.      The Local 338 Funds are an Ideal Lead Plaintiff. . . . . . . . . . . . . . . . . . . 11

III.    THE LOCAL 338 FUNDS' SELECTION OF COUNSEL SHOULD BE APPROVED. 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## Cases

*Dolan v. Axis Capital Holdings Ltd.*,
    No. 04-CV-8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005).. . . . . . . . . . . . . . . . . . 4

*Gluck v. CellStar Corp.*,
    976 F.Supp. 542 (N.D. Tex.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Cendant Corp. Litig.*,
    182 F.R.D. 476 (D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir.1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10, 11

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 11, 12

*In re Initial Public Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y.2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Olsten Corp. Sec. Litig.*,
    3 F.Supp. 2d 286 (E.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*In re Oxford Health Plans Inc.*,
    191 F.R.D. 369 (S.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Pinkowitz v. Elan Corp., PLC*,
    02-CV-865, 2002 WL 1822118 (S.D.N.Y. July 29, 2002). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sakhrani v. Brightpoint*,
    78 F.Supp. 2d 845 (S.D. Ind.1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Skwortz v. Crayfish Co., Ltd.*
    No. 00-CV-6766, 2001 WL 1160745 (S.D.N.Y. Sept.28, 2001).. . . . . . . . . . . . . . . . . . 4

*Sofran v. LaBranche & Co., Inc.*,
    220 F.R.D. 398 (S.D.N.Y. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S.Ct. 2499 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

*Werner v. Satterlee, Stephens, Burke & Burke*
    797 F.Supp. 1196  (S.D.N.Y.1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

15 U.S.C. § 78j(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78t(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 U.S.C. § 78u-4 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. Rule 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## INTRODUCTION

The RWDSU/UCFW Local 338 Retirement Funds (the "Local 338 Funds" or "Movant") respectfully submit this memorandum of law in support of their motion (i) for an order pursuant to Fed. R. Civ. P. 42(a) consolidating the above-captioned actions; (ii) for the Local 338 Funds' appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq*. (the "PSLRA") as Lead Plaintiff in the above-captioned securities fraud class action; and (iii) for the Court's approval of the Local 338 Funds' selection of Lead Counsel for the proposed class.

The above-captioned proposed class actions allege violations by Bank of America Corporation ("BofA"or the "Company"), and certain of its officers, of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, on behalf of purchasers of BofA common stock.

The Local 338 Funds are members of the proposed class of purchasers of BofA securities between July 23, 2009 through October 19, 2010 (the "Class Period").[1]

This motion is made on the grounds that the Local 338 Funds are the most adequate plaintiff, as defined by the PSLRA.  The Local 338 Funds suffered significant losses from class period BofA investments – $646,774 under FIFO methodology; $337,610 under LIFO.[2]  The Local 338 Funds' claims are typical of those of other class members, and it is indisputable that the Local 338 Funds

---

[1]      A complaint filed on March 22, 2011 (in *Patricia Grossberg Living Trust v Bank of America Corporation, et. al.,* 11-cv-1982-AKH) prescribed the class period as July 1, 2008 through October 19, 2010.  This complaint was, however, superseded by an amended complaint filed on March 25, 2011 prescribing the class period as July 23, 2009 through October 19, 2010. *See* April 4, 2011 Affidavit of Ira M. Press ("Press Affidavit"), Exh. 1 for notice of amended class action filed by counsel for plaintiff Patricia Grossberg Living Trust.

[2]      *See* Press Affidavit, Exh. 3 (tables reflecting the calculated losses incurred by the Local 338 Funds as a result of their class period BofA transactions).

will be an adequate, even ideal, representative of the class.  The Local 338 Funds are precisely the type of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S.Ct. 2499, 2508 (2007) (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 99 n. 23 (S.D.N.Y. 2005) (noting "fact that the PSLRA was designed to favor institutional investors" and citing cases).

## FACTUAL BACKGROUND

Currently, three related securities class actions have been filed on behalf of persons who acquired BofA common stock, against BofA and certain of its officers for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Actions").[3]  The *Pipefitters* asserts a class period of January 20, 2010 through October 19, 2010, and the *Grossberg* and *Anchorage Police* actions assert class periods of July 23, 2009 through October 19, 2010.  The *Grossberg* and *Anchorage Police* actions also include additional defendants.

The Actions allege two main forms of misconduct on the part of BofA. The Actions allege that throughout the Class Period, BofA engaged in "dollar rolling," a practice whereby it would move mortgage-backed securities ("MBS") off its books to another entity, but agree to repurchase the MBS after it reported its quarterly financial statement. Accordingly, BofA classified such transactions as "sales," when in reality the transactions were a form of secured borrowing. Dollar rolling enabled BofA to conceal from investors the true risks that BofA had incurred as a result of its investments in MBS.

---

[3]     A fourth related action was filed on February 24, 2011 (*Smith  v Bank of America Corporation et. al.*, docket number 1:11-CV-01280-WHP), that asserted a larger but overlapping class period. This action was, however, voluntarily dismissed on February 28, 2011.

The Actions also allege that, during the Class Periods, BofA also concealed from investors that, in large part due to its July 2008 acquisition of Countrywide Financial Corporation, it failed to maintain adequate internal controls regarding the processing of foreclosures, because (1) it did not possess adequate paperwork for many of the loans that it purchased or acquired, which could delay or prevent eventual foreclosures; and (2) it did not have adequate personnel to process its foreclosed loans, so it resorted to the improper and illegal practice of "robo-signing."

BofA made a series of corrective disclosures in the class period, that culminated in a material stock price decline.

## ARGUMENT

## I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a)

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be

3

identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

Differences in causes of action, defendants, or the class period do not render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

These Actions are all "securities fraud claims that arise from a common course of conduct. The dates on which the misrepresentations occurred do not change their nature." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (noting that "[c]ourts which have addressed the issue have held that differing class periods alone will not defeat consolidation or create a conflict"); *see also In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d. 286 at 293 (consolidating actions alleging violations of section 10(b) and 20(a) under Securities Exchange Act of 1934, despite the fact that one of the four complaints specified a class period which began before and ended during the class period alleged in the other three complaints); *Dolan v. Axis Capital Holdings Ltd.*, No. 04-CV-8564, 2005 WL 883008, at *2 (S.D.N.Y. Apr. 13, 2005) (finding consolidation of cases with "similar or overlapping claims" under Section 10(b) and 20(a) of the Securities and Exchange Act of 1934, along with Rule 10b-5, appropriate pursuant to Rule 42(a) despite different but "coextensive" class periods).

Likewise, although several actions here names defendants not otherwise present in the other action, "consolidation is not barred simply because the actions to be consolidated allege claims against different parties." *Skwortz v. Crayfish Co., Ltd.* No. 00-CV-6766, 2001 WL 1160745, *2 (S.D.N.Y. Sept.28, 2001).  *See also Pinkowitz v. Elan Corp., PLC*, No. 02-CV-865, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) *quoting Werner v. Satterlee, Stephens, Burke & Burke* 797

4

F.Supp. 1196, 1211 (S.D.N.Y.1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated.")

The three actions arise out of the same course of conduct, and a uniform class, defendants and class period will be established in the consolidated complaint filed after a lead plaintiff is appointed. See *Kaplan*, 240 F.R.D. at 92 (noting that the filing of a consolidated complaint and the determination of class certification each offer opportunities to resolve remaining issues concerning the differing class periods).

Thus, these Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated.

## II.    THE LOCAL 338 FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    Legal Standards

The PSLRA, 15 U.S.C. §§ 78u-4(a)(3)(A) and 78u-4(a)(3)(B), sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.

First, the plaintiff who files the initial action must publish a notice to erstwhile class members, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15

U.S.C. § 78u-4(a)(3)(B).  In this regard, the PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Local 338 Funds are believed to have the largest financial interest in the relief sought in this action among any otherwise qualified lead plaintiff applicants who have filed complaints or have filed timely motions for lead plaintiff appointment – in excess of $646,700 or $337,600, depending on calculation method (Press Affidavit, Exh. 3).  As such, the Local 338 Funds are entitled to the presumption that they are the most adequate plaintiff.

Nor, as set forth below, is that presumption rebutted here. The ability of the Local 338 Funds to fairly and adequately represent the Class cannot be disputed.  The Local 338 Funds are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class, and the Local 338 Funds' claims are typical of those of the Class.

Accordingly, the Local 338 Funds are presumptively the most adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

**B.     The Local 338 Funds are Willing to Serve as Lead Plaintiff and Have Complied With the PSLRA**

On February 2, 2011, counsel for the Pipefitter plaintiffs in this action caused notice to be

published in *BusinessWire*, a national, business-oriented newswire service, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of BofA securities that they had 60 days to file a motion to be appointed as Lead Plaintiff - being April 4, 2010.  *See* Press Affidavit, Exh. 1.  Pursuant to the PSLRA, the notice in the first-filed action is the only statutorily-required notice, and is therefore the operative notice with respect to subsequently-filed actions "on behalf of a class asserting substantially the same claim".  15 U.S.C. § 78u-4(a)(3)(A)(ii).[4]

The Local 338 Funds have timely filed the instant motion pursuant to published notice, and submit herewith their sworn certification attesting that they are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Press Affidavit, Exh. 2 (The Local 338 Funds' certification).  The Local 338 Funds therefore satisfy the requirement of making a timely motion in response to a published notice.

### C.   The Local 338 Funds Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437-439 (S.D.N.Y. 2008) ("the movant who has the largest financial interest and satisfies the requirements of Rule 23(a) at the time the motions are made is the presumptive lead plaintiff").

---

[4]       A notice of amended class action was filed by counsel for Patricia Grossberg Living Trust on March 25, 2011,(Press Affidavit, Exh. 1).  This notice which asserts a lengthier class period than the February 2 notice, also prescribes April 4, 2011 as the operative date to move for lead plaintiff appointment.

Here, the Local 338 Funds purchased a total of 176,175 shares of BofA during the Class Period and their total expenditure was $2,841,915. The Local 338 Funds have suffered aggregate losses of $337,610 (using LIFO methodology) or $646,774 (using FIFO methodology).  *See* Press Affidavit, Exh. 3.

To the best of its knowledge, the Local 338 Funds believes that they currently have the largest known financial interest in this case of any qualified named plaintiff or movant, and thus satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class

### D.    The Local 338 Funds Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, courts limit their inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves

for class certification.[5]

>    **1.    The Local 338 Funds' Claims are Typical of Those of Other Class Members**

The "typicality" requirement is "satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Fuwei Films*, 247 F.R.D. at 436, *citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992); *see also*, *In re eSpeed*, 232 F.R.D. at 102 (typicality satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise") (quoting *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y.2002)).

Here, the Local 338 Funds' claims are typical of the claims asserted by the Class. The Local 338 Funds, like all members of the Class, allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning BofA's operations and performance. The Local 338 Funds share substantially the same questions of law and fact with other purchasers of BofA securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concealing from investors that BofA was engaged in "dollar-rolling" and that it did not maintain adequate internal controls regarding the processing of foreclosures, and whether these statements artificially inflated the price of BofA

___

[5]    *Kaplan,* 240 F.R.D. at 94 ("As this Court has previously noted, typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.") (citations omitted); *In re Fuwei Films*, 247 F.R.D. at 436; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).    Further, "at this stage of litigation, only a preliminary showing of typicality and adequacy is required". *Kaplan*, 240 F.R.D. at 94; *In re eSpeed*, 232 F.R.D. at 102; *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y.2002); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998).

securities.  The Local 338 Funds, like all of the members of the Class, acquired BofA securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby.  *See, e.g., In re eSpeed*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; [lead plaintiff movant] makes the same claim. [Lead plaintiff movant] therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry").  All other persons and entities who acquired BofA securities during the Class Period overpaid as a result of the same misconduct that caused the Local 338 Funds' injury.  *See*, *e.g.*, *In re Drexel*, 960 F.2d at  291; *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions").

In short, the interests of the Local 338 Funds are closely aligned with the interests of other Class members, and therefore the Local 338 Funds are typical of the other members of the Class.

### 2.     The Local 338 Funds Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing the Local 338 Funds as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class;

> or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel*, 960 F.2d at 291. *See also Kaplan*, 240 F.R.D. at 94 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy"); *In re Fuwei Films*, 247 F.R.D. at 436 (same).

The adequacy of The Local 338 Funds cannot be disputed.  The Local 338 Funds have sustained significant losses from their investments in BofA securities and are therefore extremely motivated to pursue the claims in this action, and have also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims (*see* Section II, *infra* and Press Affidavit Exh. 4).

The Local 338 Funds are not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of BofA securities.

### 3.      The Local 338 Funds are an Ideal Lead Plaintiff

The Local 338 Funds are institutional investors with vast resources to adequately litigate this action and supervise class counsel. The Funds are Pension Funds. As such, they are exactly the sort of lead plaintiff envisioned by the PSLRA.[6]

---

[6]      *See, e.g., Tellabs,* 127 S.Ct. at 2508 (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed*, 232 F.R.D. at 99 n.

III.     **THE LOCAL 338 FUNDS' SELECTION OF COUNSEL SHOULD BE**
         **APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan*, 240 F.R.D. at 96; *In re Fuwei Films*, 247 F.R.D. at 439-440.

In the present case, the Local 338 Funds have retained the law firm of Kirby McInerney LLP to pursue this litigation on its behalf as Lead Counsel in the event it is appointed Lead Plaintiff. Kirby McInerney possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Press Affidavit as Exhibit 4.  As a result of their extensive experience in litigation involving issues similar to those raised in this action, the Local 338 Funds' proposed counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

Thus, the Court may be assured that, by granting the Local 338 Funds' motion, the Class will receive the highest caliber of legal representation.

                                    **CONCLUSION**

For the foregoing reasons, the Local 338 Funds respectfully ask the Court to grant the Local

---

23 (noting "fact that the PSLRA was designed to favor institutional investors"; citing cases); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that explicit intent behind PSLRA was to encourage large institutional investors to serve as lead plaintiffs); *Sakhrani v. Brightpoint*, 78 F.Supp. 2d 845, 850 (S.D. Ind.1999) ("The PSLRA was enacted with the explicit hope that institutional investors ... would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp*., 976 F.Supp. 542, 548 (N.D. Tex.1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.").

338 Funds' motion and enter an Order (a) appointing The Local 338 Funds as Lead Plaintiff, and (b) approving The Local 338 Funds' selection of Kirby McInerney LLP as Lead Counsel, and (c) granting such other relief as the Court may deem just and proper.

Dated:          April 4, 2011          **KIRBY McINERNEY LLP**

By:          /s/ Ira M. Press
Ira M. Press
David A. Bishop
825 Third Avenue, 16th Floor
New York, NY  10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Movant and Proposed Lead Plaintiff, the Local 338 Funds*